STATE v. WILLIAM MALLEY.

Decided February 19, 1925.

**Crimes—Statutory Rape—Case on Review Under 136th Section of Criminal Procedure Act, and Specifications Must be Stated in a Way to Make Precise Points Relied Upon Intelligible— This was Not Done and Plaintiff Can Take Nothing By Reason Thereof.**

On error to the Morris Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiff in error, *Elmer W. Romine.*

For the state, *James H. Bolitho,* prosecutor of the pleas.

PER CURIAM.

The plaintiff in error was convicted on an indictment charging him with assaulting and carnally abusing a girl under the age of sixteen, in violation of the statute declaring such act to be criminal, even if committed with the consent of the girl.

The first ground upon which we are asked to set aside this conviction is that the verdict of guilty was against the weight of the evidence. Our examination of the proofs returned with the writ satisfies us that this contention is not justified by the fact.

The other grounds upon which we are asked to reverse the judgment under review are directed at alleged erroneous rulings with relation to the admission or rejection of testimony. These alleged errors are supposed to be covered by general reasons set out in the assignments of error and causes for reversal. The case comes up for review under section 136 of the Criminal Procedure act, and counsel has, apparently, assumed that such general reasons are sufficient to bring before this court the questions argued in his brief. But, as was said by the Court of Errors and Appeals, in *State v. Herron,* 77 *N. J. L.* 525, "the statutory provision under which this review is had requires that in all cases where the plaintiff in error shall elect to take up the entire record with his writ of error he must specify the causes in the record relied upon for relief for reversal, and the specifications must be stated in such a way as to make the precise points relied upon intelligible. Where the objection is to the admission or rejection of evidence, the specifications must point out the precise evidence which was erroneously admitted and the precise offer which was erroneously rejected. If this is not done, it becomes incumbent upon counsel for the state and upon the court to examine the whole record, which may be very voluminous, and the object of the act is not achieved. Unless the causes assigned are as precise as we have indicated, they are too general to avail the plaintiff in error." The present assignments of error and causes for reversal come

within the condemnation of the case cited, and the plaintiff in error can take nothing by reason of them.

The judgment under review will be affirmed.